Billy C. Wilkins #817648
1050 W. Commerce
Brownwood, Tex. 76801

39,583-39,40
June 29, 2015

In Re: Ex parte Billy Charles Wilkins
 Cause No. WR-39,583
  Trl. Ct. No. - 13,872

Dear Abel Acosta, Clerk
    On the 25th day of June 2015, the 35th District Court Clerk Chycel Jones forwarded to your Court application for a writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P., 13,872-AF & 13,872-AG. I have struggled in this for so many years at trying to prove I am innocent of the crime in which I was convicted. The investigation report, the prosecutions arrest affidavit and the prosecutions indictment are all facts that prove my point. Each of these documents are attached to Application AF. These same documents also apply to this Petition of Innocence.
    Please, I kindly ask that you bring this matter to the attention of your court because this matter is exactly the same as argued in the writs.
    Thank you for your time and help with this matter.
                              Respectfully yours,
                              Billy C. Wilkins

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 02 2015
Abel Acosta, Clerk

IN AND FOR THE COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE

CAUSE NO. WR-39,583

BILLY CHARLES WILKINS

PETITION OF INNOCENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Billy Charles Wilkins, Petitioner in the above-entitled and numbered cause, and moves the Court to order a per curiam en banc proceeding to consider the innocence and illegal incarceration pursuant to this petitioner for the Court has held that federal due process is violated when an innocent person is incarcerated.

The factual predicate for the claim could not have been discovered previously through due diligence because the underlying facts, are material of the prosecuting attorney that were only made available to the defense attorney by order of the Court under Article 39.14, Tex. Code Crim. Pro. Ann. in effect in 1995-96.

DENIED EFFECTIVE ASSISTANCE OF COUNSEL

Petitioner challenges the conviction on the basis that trial counsel was ineffective because he failed to make available any material sought through discovery to petitioner, he failed to investigate the facts that prove petitioners innocence, failed to inform petitioner that a state prosecuting attorney amend the arrest affidavit of his affiant creating a variance between the information and the complaint on which it is based as to the commission of theft committed is fatal to the validity of the information, causing the prosecuting attorney to be the accuser for the offense pleaded, especially since the affiant in his affidavit failed to state that the accused committed some offense against the laws of the state, and failed to investigate the fact that the pleading in the indictment is fatally defective because a prosecuting attorney is not authorized to institute prosecutions in a district court upon his indep-

-1-

endent act or of his own volition.

Petitioner argues, his trial attorney failed to render reasonable effective assistance because he did not move the trial Court to order the District Attorney to make available and to permit him to inspect and copy or photograph all written statements concerning the events of the alleged offense purportedly made by any peace officer, or employee, agent or official of the State of Texas or of the United States.

The basic facts recorded in the investigation report conducted by Deputy Sheriff Vance Hill does not establish fact that the white male seen at the residence then pursued by the complaining witness south on Hwy 279 to the Grosvenor area and down some county roads she last in the southeastern portion of Coleman County was in fact the suspect a short time later Texas Ranger Bobby Grubbs located near Bangs, Texas, and taken into custody. The complainant was on a cellular phone giving the direction of travel, She was able to get the LP off the suspect vehicle, it being TX 6713 TX, The suspect vehicle was further described as being gray in color with a maroon bottom.

There were several deputies & other law enforcment officers from Brown & Coleman counties in the area, searching for the suspect vehicle. A short time later Texas Ranger Bobby Grubbs located the suspect vehicle near Bangs, Texas, The described suspect was driving the vehicle.

The complainant stated she pursued the suspect vehicle she described as being gray in color with a maroon bottom. She said she was able to get the license plate off the suspect vechicle, it being TX 6713 TX. Ranger Grubbs dosn't describe the vehicle he located and stopped a short time later. Ranger Grubbs said the desccribed suspect was driving the vehicle. Only descrciption in the investigation report given about the suspect was a white male with blonde hair. There are no positive discreption of the suspect and certainly petition er was not identified as being the suspect she pursued on Hwy 279 south from Cross Cut. In Gordon v. State, 801 S.W. 2d 899 (Tex. Crim. App. 1990), this Court discusses the requisites necessary for an affidavit (or "complaint" as it is referred to in Article 15.04 of our Code) to supply probable cause. There, the police suspected the

2.

appellant of the commission of robbery and sexual assault, "but lacked probable cause to arrest and charge him with the crimes." Id. at 902. Like the instant cause, here the police suspected the petitioner of the commission of theft and burglary, but lack probable cause to arrest and charge him with the crimes. The report clearly establishes on page four the disturbed weapons, TV and house as well as the said footprint, were photographed by Deputy Neal. No identifiable prints were located. This information certainly dosn't present probable cause for the arrest. The report clearly sets out that when petitioner was arrested officers did locate an RCA VCR and a digital Satellite System receiver. But isn't clear about where they were located. See page three of the report. The District Attorney simply did not have probable cause for the arrest to charge in a complaint that petitioner committed the offense of theft and burglary of a habitation. The facts are clear petitioner is innocent of the crime in which he was convicted and he did not receive reasonable effective assistance from the trial lawyer.

## DENIED EFFECTIVE ASSISTANCE OF COUNSEL

Petitioner challenges the conviction on the basis that trial counsel was ineffective because he failed to make available any material sought through discovery to petitioner, he failed to investigate the facts that prove petitioner's innocence, failed to discuss with petitioner that a state prosecuting attorney "ament" the arrest affidavit of his affiant to charge petitioner with the commission of theft and burglary of a habitation but also created a variance between the information and the complaint on which it is based as to the commission of theft committed is fatal to the validity of the information, over which has cause the prosecuting attorney to be the accuser for the burglary of a habitation plead in the complaint especially since the affiant in his affidavit failed to state that the petitioner committed some offense against the laws of the state. → Add (over)

Petitioner argues, his trial attorney failed to render reasonable effective assistance

This pleading has cause the indictment to be fatally defective because a prosecuting attorney is not authorized to institute prosecutions in the district court upon his independent act or of his own volition.

because he move the trial Court to order the District Attorney to make available and to permit the Defendant by and through his attorney to inspect and copy or photograph, all warrants of arrest, search warrants and affidavits in support thereof together with any consent to search used or exhibited at the time of the arrest of the Defendant or in the investigation of the alleged offense herein. The Court Granted the request. Therefore the trial lawyer was well aware of the prosecuting attorneys complaint affidavit well before the trial commence on the merits.

Petitioner contends, his trial attorney failed to move the trial Court for a pre-trial suppression hearing, to move that the trial court suppress the VCR, digital satellite receiver, and guns from introduction into evidence at his trial, alleging that prior arrest warrant, lacked probable cause as required by Article 15.03, V.A.C.C.P.

The complaint states as follows:

BEFORE ME, the undersigned authority, on this day personally appeared:

Vance Hill

who, after being by me duly sworn on oath deposes and says: That he has good reason to believe and does believe that heretofore: to-wit, on or about the 12th day of June, 1995, and before the making and filing of this complaint, in the County of Brown and State of Texas,

Billy Charles Wilkins, hereinafter styled Defendant,

The complaint failed to comply with the statutory and judicially-created requirements for a valid complaint because the complaint did not state that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.

An information based upon the complaint was also filed. The information alleged that "Defendant did then and there intentionally, without the effective consent of Samantha Gober, the owner thereof, enter a habitation, and did attempt to commit

4,

and commit theft of property, namely: a VCR, a satellite receiver, and guns, without the effective consent of the owner of said property, namely: Samantha Gober; Against the Peace and Dignity of the State.

A valid complaint is a prerequisite to a valid information. TEX CODE CRIM. PROC. ANN. art. 21.22 (West 2006); Villarreal v. State, 729 S.W.2d 348, 349 (Tex App.—El Paso 1987, no pet.). The purpose of a complaint is to apprise the accused of the facts surrounding the offense with which he is charged so that he may prepare a defense. Vallejo v. State, 408 S.W.2d 113, 114 (Tex. Crim. App. 1966); Kindley v. State, 879 S.W.2d 261, 262 (Tex. App.—Houston [14th Dist.] 1994, no pet.). The particularity in pleading that is required for an indictment or an information is not required for a complaint, and a complaint will not be dismissed due to a mere informality. Vallejo, 408 S.W.2d at 114. A complaint "shall be sufficient, without regard to form, if it has the four "substantial requisites" listed within TEX. CODE CRIM. PROC. ANN. art. 15.05 (West 2005).

The first precursor to Article 21.22, V.A.C.C.P., was codified in 1858 as O.C. 404; since settled in Texas law is an unerringly upheld prerequisite to validity of an information, viz:

> "A variance between the information and the complaint on which it is based as to the commission of theft of property committed is fatal to the validity of the information."

1 Branch's Annotated Penal Code (2d Ed. 1956) 456, § 455.
Of equal antiquity is a corallary rule: "The allegation of the commission of theft of property committed is a matter of substance and not of form and cannot be legally amended." Id., § 457. More specifically, where a prosecuting attorney sought and after hearing obtained leave of court to amend a complaint to correct the stated date of the offense, the Court ruled:

> "...We know of no statute or authority of law under which this proceeding



can be validated. Time as to the date of the offense, both in the complaint and information, is matter of substance and not of form, and it cannot be corrected or amended simply upon motion, and by an order of the court.

Huff v. State, 23 Tex. App. 291, 4 S.W. 890 (1887).

Similarly, the error in this cause was committed when the affiant of the affidavit failed to show that the accused has committed some offense against the laws of the State, but the prosecuting attorney in his information stated the defendant enter a habitation, and did attempt to commit and commit theft of property, namely: a VCR, a satellite receiver and guns.

Such a variance between complaint and information is "fatal to the validity of the information – not the complaint. Acevedo v. State, 483 S.W. 2d 459, 450 (Tex. Cr. App. 1972); Thomas v. State, 474 S.W. 2d 236, 237 (Tex. Cr. App. 1971); Harrison v. State, 297 S.W. 2d 823, 824 (Tex. Cr. App. 1957); Wheat v. State, 172 Tex. Cr. R. 259, 356 S.W. 2d 323 (1962); Bayless v. State, 136 Tex. Cr. R. 1, 123 S.W. 2d 354 (1939).

The rule was so well established by the former court of appeals that opinions after 1891 routinely followed it without further explication. But there are strong public policy considerations dictating the rule.

An indictment is a "primary pleading in a criminal action on the part of the State," Article 27.01, V.A.C.C.P., a written pleading in behalf of the State drawn, filed and presented by a prosecuting attorney charging an accused with an offense that may be prosecuted under the law. Article 21.02, V.A.C.C.P. In order to "protect its citizens from the inherent dangers arising from the concentration of power in any one individual," Kennedy v. State, 161 Tex. Cr. R. 303, 276 S.W. 2d 291 (1955)(Opinion on Motion for Rehearing, at 664), the Legislature precluded a prosecutor from presenting an information "until affidavit has been made by some credible person charging the defendant with an offense," and also mandated, "The affidavit shall be filed with the information" Article 21.22, supra. Such an affidavit is, of course, a complaint within the

6.

meaning of Article 15.04, V.A.C.C.P. "In other words, a prosecuting attorney is not authorized to institute prosecutions in the county court upon his independent act or of his own volition." Kennedy v. State, supra, 276 S.W.2d at 294. One may not be "both the accuser and the prosecutor in felony cases.

Because an information must be based on a complaint, and the offense stated in the former "must be characterized by and correspond with that stated in the affidavit," Davis v. State, 2 Tex. App. 184 (Ct. App. 1877), it is the affidavit, not the information, that specifies the offense alleged to have been committed. Since the affidavit must be and was made by a credible person other than a prosecuting attorney, it also follows that only the affiant may "amend" his affidavit. To allow the prosecuting attorney to purport to "amend" the affidavit of another would make the prosecutor the accuser. While the 'complaint' may have the statutory requirements for procedural validity, it lacks the necessary indicia of reliability demonstrated by facts showing probable cause for the magistrate to have made a proper evaluation for the allegations before issuing the warrant. It is in the form of a charge, not a supporting affidavit. There being no probable cause set forth in the complaint, the arrest of petitioner was illegal. The District Attorney simply did not have probable cause for the arrest and charge for entering a habitation, and did attempt to commit and commit theft of property. The facts in the affidavit (or 'complaint' as it is referred to in our Code), are clear petitioner is innocent of the crime in which he was convicted and that the trial attorney did not render reasonable effective assistance during the trial.

## DENIED EFFECTIVE ASSISTANCE OF COUNSEL

Petitioner challenges the conviction on the basis that trial counsel was ineffective because he failed to make available any material sought through discovery to petitioner, he failed to investigate the facts that prove petitioner's conviction was obtained by the use of a fatally defective indictment, failed to discuss with petitioner a prosecuting attorney "amend" the arrest affidavit of his affiant in order to show a charge for enter a habitation, and did attempt to commit and commit theft of property, namely; a VCR, a digital satellite system receiver, in the indictment. The facts are clear the prosecuting attorney amend the information into the affidavit of Vance Hill in order to show a charge for theft and burglary. Because the

7.

prosecuting attorney amend the information into the affidavit of another the prosecuting attorney was the accuser for the pleading in the indictment. Because a prosecuting attorney is not authorized to institute prosecutions in the county court upon his independent act or of his own volition, but by doing so with the complaint then by the use of the information he institute in the county court upon his independent act or of his own volition he institute the same information upon the indictment that create a fatally defective indictment. The trial court on the 15th day of May, 1996, did not have jurisdiction when it adjudicate petitioner's guilt and sentence him to 99 years imprisonment.

In Ex parte Sledge, 2013 Tex. Crim. App. LEXIS 156 (Tex. Crim. App., January 16, 2013), the applicant correctly alleged that the trial court did not have jurisdiction to adjudicate Applicant's guilt and sentence him to five years imprisonment.[7] However, despite the trial court's lack of jurisdiction, the Court found that, because the applicant failed to contain facts that establish either new law, new facts, or actual innocence, the application was barred from consideration pursuant to art. 11.07 §4. The majority opinion drew a well reasoned dissent from Judge Alcala who concluded that the Court had jurisdiction to address applicant's subsequent writ because (1) the requirements governing subsequent writs do not apply to a claim that the trial court lacked jurisdiction and, alternatively, (2) if those requirements do apply, a jurisdictional claim raises a constitutional violation that satisfies the procedural requirements so as to permit review.

[7] The Court granted relief in applicant's non-subsequent companion application because the trial court lacked jurisdiction.

Petitioner argues, his rights because of the trial attorney, under Article 39.14, Tex. Code Crim. Proc. Ann. Article 1, Section 10, Article 1, Section 19, of the Texas Constitution, and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America were violated to his irreparable injury and thus deprive the Petitioner of a fair trial herein.

8.

## PRAYER

WHEREFORE, Petitioner prays that this Court order a per curiam en banc proceding to consider the innocence and illegal incarceration pursuant to this petitioner, for the Court has held that federal due process is violated when an innocent person is incarcerated.

## INMATE DECLARATION

I, Billy Charles Wilkins, being presently incarcerated at the Brown County Jail, 1050 W, Commerce, Brownwood, Texas 76801, declare under the penalty of perjury that the foregoing facts stated within this Petition OF Innocence is true and correct to the best of my knowledge.

Signed on the 29th day of June 2015.

Respectfully submitted,

Billy C. Wilkins

9,